# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE CAMPBELL, | CASE NO. 1:10-cv-02410-OWW-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FAILURE TO PROSECUTE |
| JERRY BROWN, et al., | (Doc. 7) |
| Defendants. | |

Plaintiff Kane Campbell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2011, Plaintiff was ordered to submit an application to proceed In Forma Pauperis or pay the filing fee within forty-five days. (Doc. 3). Plaintiff failed to comply with the Court order. On March 11, 2011, the Court issued an order to show cause as to why sanctions should not be imposed due to Plaintiff's failure to obey a court order and gave Plaintiff thirty days to respond. (Doc. 7). The thirty day time period has expired and Plaintiff has not complied with, or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

1

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need submit a motion to proceed In Forma Pauperis or to pay the filing fee. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources. Plaintiff has thus far not paid required filing fee or requested to proceed In Forma Pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

In summary, Plaintiff filed this action but is no longer prosecuting it. More than three months have passed since the Court originally ordered Plaintiff to submit a motion requesting permission to proceed In Forma Pauperis or pay the filing fee, and Plaintiff has not responded, despite being notified of the requirement via the Court's order specifically directing him to respond. (Docs. 3, 7).

1  Accordingly, the Court finds that dismissal is the appropriate sanction and ORDERS that this
2  action be DISMISSED, WITHOUT PREJUDICE, for failure to prosecute.
3  IT IS SO ORDERED.
4  **Dated:   April 21, 2011**                     /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE